OPINIÓN of the Court, by
Judge Bibb.
-The question first in order is, can an action on the “ case” be • . . , permitted, on the record ot a judgment rendered in Virginia, (after defence made,) and certified here, according to the act of congress in such cases provided ?
Upon a ioreign judgment either debt ox assumpsit would lie, because it is considered only in the light of a simple contract debt. The transcript of such a judicial proceeding is only evidence prima facie of an existing demand or duty : it is not received with fall faith, but with a limited credit, leaving the defendant to impeach it as unjust, or unduly or irregularly obtained. But the constitution of the United States declares that “full faith and credit shall be given in each state to the records and judicial proceedings of every other state.” The statute of Congress, made under the power given by the before mentioned article, (iv. sec. 1.) after prescribing the mode of authentication, declares “ the said records and judicial proceedings, authenticated as aforesaid, shall have full faith and credit given to them in in every court within the United States, as they have, by *562 ¡aw or usage, in the courts of the state from whence &⅝ said records are or shall be taken.” In the courts of Virginia, the action of assumpsit could not be sustained on this judgment; and if the action would be bad there, it is wrong here. Assumpsit will not lie on a specialty, and it is clear from the constitution and statute of the United States, that a judgment of the court of a sister state cannot be reduced to the level of a simple contract. The duty or debt, charged in the declaration, was founded on the judgment of a sister state; if this foundation was admitted, it was conclusive evidence of a debt once existing, and only to be discharged by matter subsequent to the rendition of that judgment: the question of judgment or no judgment could have been made only by the plea of mil tiel record. A debt due by judgment is of higher dignity than a debt due by bond, and a bond may be pleaded in bar of a simple contract — -Roades vs. Barnes, 1 Burr. 9. The plaintiff below, by his own shewing, therefore, had brought as-sumpsit where he should have brought debt; thereby violating the great principles of remedy by action, and the well established rules of pleading.
The determination on this point renders any notice of the other questions unnecessary.
Judgment reversed.